**O**

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   MICHAEL S. SYMONDS,              )    CASE NO. ED CV 12-00467 RZ
                                      )
12                   Plaintiff,       )
                                      )    MEMORANDUM OPINION
13          vs.                       )    AND ORDER
                                      )
14   MICHAEL J. ASTRUE, Commissioner  )
     of Social Security,             )
15                                    )
                     Defendant.       )
16   ─────────────────────────────── )

17          Although Plaintiff Michael Symonds claimed disability based on his carpal

18   tunnel syndrome and his knee problems, in this Court he asserts errors only with respect

19   to the impairment to his knees.  He argues (1) that the Administrative Law Judge did not

20   provide sufficient reasons to reject certain medical evidence, and Plaintiff's own testimony;

21   and (2) that the Administrative Law Judge wrongly rejected the testimony of the treating

22   physicians.  The Court assumes that Plaintiff has erroneously stated a third argument, that

23   "the ALJ incorrectly found that Mr. Symonds can return to his past relevant work"

24   (Plaintiff's Memorandum at 3:3-4), since the Administrative Law Judge explicitly found

25   that Plaintiff *cannot* return to his past relevant work.  [AR 25]  Furthermore, in the

26   introduction to his argument, Plaintiff identifies a Dr. Dinh (Plaintiff's Memorandum at

27   3:3), but he does not later discuss any such doctor and the Court assumes that Plaintiff has

28

1  misstated the name of the doctor.   Accordingly, the Court addresses only the two

2  arguments that Plaintiff in fact asserts.  The Court finds neither to be persuasive.[1]

3         The familiar law, which both parties cite, holds that an administrative law

4  judge is not bound to accept a claimant's assertions as to the levels of his pain, but that, if

5  the impairment can reasonably give rise to pain and the claimant is not malingering, then

6  the administrative law judge must give specific and legitimate reasons for discrediting the

7  claims of pain.  *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v.*

8  *Chater*, 80 F.3d 1273 (9th Cir. 1996).  The Administrative Law Judge has used a formulaic

9  finding that Plaintiff's assertions are overstated [AR at 23] but, in this case at least, the

10  boilerplate finding is explicated in other parts of the decision, and those explanations are

11  sufficient.

12         Plaintiff complains that the Administrative Law Judge wrongly relied on

13  objective medical evidence to discredit Plaintiff's complaints of pain.   Contrary to

14  Plaintiff's assertion that "a rejection of a claimant's testimony based on a lack of objective

15  evidence is always legally insufficient" (Plaintiff's Memorandum at 7:25-8:1), the Ninth

16  Circuit has held that "[w]hile subjective pain testimony cannot be rejected on the sole

17  ground that it is not fully corroborated by objective medical evidence, the medical evidence

18  is still a relevant factor in determining the severity of the claimant's pain and its disabling

19  effects.  20 C.F.R. § 404.1529(c)(2)" *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir.

20  2001).  The medical evidence that Plaintiff complains of is the Administrative Law Judge's

21  reference to the fact that Plaintiff's knee was stable. [AR 23] That is, however, what the

22  medical professionals stated [AR 747, cited by the Administrative Law Judge at AR 22]

23  and Plaintiff's argument that it was not stable then because it may have become unstable

24  later does not follow.  Plaintiff's effort to make his later surgery into an argument that the

25

26    [1]   Plaintiff at one point also refers to the Administrative Law Judge's rejecting "Monique

27  Davis's testimony" (Plaintiff's Memorandum 6:11), which the Court assumes to be a mistake,
   since the reference is to the Plaintiff in this case.

28

1  Appeals Council did not have a basis for rejecting the opinion of a treating physician is a
2  simple red herring.

3          In any event, the Administrative Law Judge did not rely on a conflict with the
4  medical evidence to discredit Plaintiff's claim that his pain prevented him from working.
5  The Administrative Law Judge also referred to the fact that Plaintiff followed a routine of
6  going to school four days a week — including getting up early, taking the bus to school and
7  presumably moving from class to class and then taking the bus home — and, performing
8  chores such as mowing the lawn, which the Administrative Law Judge noted required
9  significant exertion of both hands and knees, thereby discrediting the notion that Plaintiff's
10 knees were as impaired as Plaintiff asserted. [AR 23] This was appropriate. The
11 Administrative Law Judge is entitled to view activities that are inconsistent with claims of
12 disability as a basis for discrediting a claimant, *Bunnell*, 947 F.2d at 346, and this clearly
13 was such activity.

14         The Administrative Law Judge also noted that Plaintiff's assertion that he
15 required a cane was not entirely credible because he told one of his doctors that he did *not*
16 require a cane, and that there was no indication that one was prescribed. [AR 23] In this
17 Court, Plaintiff does not challenge the first part of this explanation, and challenges the
18 second part by saying that, since a physician later recommended that he stop using a cane,
19 a physician must have recommended earlier that he start using one. The analysis is not
20 logical, and it does not help Plaintiff; if it was recommended that he not use a cane, then
21 presumably one was not needed. In any event, the analysis is off the mark; the
22 Administrative Law Judge was entitled to interpret the evidence as showing an
23 inconsistency between Plaintiff's statements and the actual record; even if a different
24 interpretation also would be acceptable, the Court is not free to second-guess this one.
25 *Batson v. Commissioner*, 359 F.3d 1190, 1196 (9th Cir. 2004).

26         The last factor referenced by the Administrative Law Judge was that Plaintiff
27 settled his Worker's Compensation case for his knee for $5,000. The Administrative Law
28 Judge stated that "this would indicate something less than the very serious injuries

1   [Plaintiff] alleged." [AR 23] Plaintiff rightly takes issue with this remark; a settlement is

2   a compromise, and is reached for any number of reasons, and the Administrative Law

3   Judge's inference is not susceptible to any kind of verification. However, this was but one

4   of many reasons given by the Administrative Law Judge for not treating Plaintiff's knee

5   impairment as preventing him from working, and the error here does not alone justify a

6   remand.

7         In accordance with the foregoing, the decision of the Commissioner is

8   affirmed.

9         DATED:   December 27, 2012

10

11                         RALPH ZAREFSKY
                       UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28