O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. SYMONDS,<br><br>                    Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>                    Defendant. | CASE NO. ED CV 12-00467 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

Although Plaintiff Michael Symonds claimed disability based on his carpal tunnel syndrome and his knee problems, in this Court he asserts errors only with respect to the impairment to his knees. He argues (1) that the Administrative Law Judge did not provide sufficient reasons to reject certain medical evidence, and Plaintiff's own testimony; and (2) that the Administrative Law Judge wrongly rejected the testimony of the treating physicians. The Court assumes that Plaintiff has erroneously stated a third argument, that "the ALJ incorrectly found that Mr. Symonds can return to his past relevant work" (Plaintiff's Memorandum at 3:3-4), since the Administrative Law Judge explicitly found that Plaintiff *cannot* return to his past relevant work. [AR 25] Furthermore, in the introduction to his argument, Plaintiff identifies a Dr. Dinh (Plaintiff's Memorandum at 3:3), but he does not later discuss any such doctor and the Court assumes that Plaintiff has

misstated the name of the doctor. Accordingly, the Court addresses only the two arguments that Plaintiff in fact asserts. The Court finds neither to be persuasive.[1]

The familiar law, which both parties cite, holds that an administrative law judge is not bound to accept a claimant's assertions as to the levels of his pain, but that, if the impairment can reasonably give rise to pain and the claimant is not malingering, then the administrative law judge must give specific and legitimate reasons for discrediting the claims of pain. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). The Administrative Law Judge has used a formulaic finding that Plaintiff's assertions are overstated [AR at 23] but, in this case at least, the boilerplate finding is explicated in other parts of the decision, and those explanations are sufficient.

Plaintiff complains that the Administrative Law Judge wrongly relied on objective medical evidence to discredit Plaintiff's complaints of pain. Contrary to Plaintiff's assertion that "a rejection of a claimant's testimony based on a lack of objective evidence is always legally insufficient" (Plaintiff's Memorandum at 7:25-8:1), the Ninth Circuit has held that "[w]hile subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects. 20 C.F.R. § 404.1529(c)(2)" *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001). The medical evidence that Plaintiff complains of is the Administrative Law Judge's reference to the fact that Plaintiff's knee was stable. [AR 23] That is, however, what the medical professionals stated [AR 747, cited by the Administrative Law Judge at AR 22] and Plaintiff's argument that it was not stable then because it may have become unstable later does not follow. Plaintiff's effort to make his later surgery into an argument that the

---

[1] Plaintiff at one point also refers to the Administrative Law Judge's rejecting "Monique Davis's testimony" (Plaintiff's Memorandum 6:11), which the Court assumes to be a mistake, since the reference is to the Plaintiff in this case.

Appeals Council did not have a basis for rejecting the opinion of a treating physician is a simple red herring.

In any event, the Administrative Law Judge did not rely on a conflict with the medical evidence to discredit Plaintiff's claim that his pain prevented him from working. The Administrative Law Judge also referred to the fact that Plaintiff followed a routine of going to school four days a week — including getting up early, taking the bus to school and presumably moving from class to class and then taking the bus home — and, performing chores such as mowing the lawn, which the Administrative Law Judge noted required significant exertion of both hands and knees, thereby discrediting the notion that Plaintiff's knees were as impaired as Plaintiff asserted. [AR 23] This was appropriate. The Administrative Law Judge is entitled to view activities that are inconsistent with claims of disability as a basis for discrediting a claimant, *Bunnell*, 947 F.2d at 346, and this clearly was such activity.

The Administrative Law Judge also noted that Plaintiff's assertion that he required a cane was not entirely credible because he told one of his doctors that he did *not* require a cane, and that there was no indication that one was prescribed. [AR 23] In this Court, Plaintiff does not challenge the first part of this explanation, and challenges the second part by saying that, since a physician later recommended that he stop using a cane, a physician must have recommended earlier that he start using one. The analysis is not logical, and it does not help Plaintiff; if it was recommended that he not use a cane, then presumably one was not needed. In any event, the analysis is off the mark; the Administrative Law Judge was entitled to interpret the evidence as showing an inconsistency between Plaintiff's statements and the actual record; even if a different interpretation also would be acceptable, the Court is not free to second-guess this one. *Batson v. Commissioner*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The last factor referenced by the Administrative Law Judge was that Plaintiff settled his Worker's Compensation case for his knee for $5,000. The Administrative Law Judge stated that "this would indicate something less than the very serious injuries

[Plaintiff] alleged." [AR 23] Plaintiff rightly takes issue with this remark; a settlement is a compromise, and is reached for any number of reasons, and the Administrative Law Judge's inference is not susceptible to any kind of verification. However, this was but one of many reasons given by the Administrative Law Judge for not treating Plaintiff's knee impairment as preventing him from working, and the error here does not alone justify a remand.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: December 27, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE